## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

December, 1922.

## THE PEOPLE v. GLEN JOHNSON.

CONVICTION FOR SALE OF INTOXICATING LIQUOR REVERSED—ALLEGED INTOXICATING LIQUOR WAS CIDER—INSUFFICIENT EVIDENCE THAT CIDER WAS INTOXICATING—EVIDENCE—OTHER SALES OF CIDER NOT MADE BY DEFENDANT IMPROPERLY SHOWN—PROSECUTION IMPROPERLY PERMITTED TO IMPUTE TO DEFENDANT'S FATHER OFFENSES UNRELATED TO OFFENSE CHARGED.

APPEAL from a judgment of the Ontario County Court, rendered December 3, 1921, convicting the defendant under an

indictment charging him with the sale of intoxicating liquor in violation of section 1212 of the Penal Law.*

PER CURIAM:

(1) The prosecution failed to establish by satisfactory evidence that the cider is intoxicating.    The evidence upon that question was speculative and unconvincing.    (2) The district attorney went beyond the bounds of legitimate cross-examination in proving other transactions respecting the sale and disposition of cider not made by the defendant and not tending to prove the offense with which the defendant was charged. (3) The district attorney was also improperly permitted repeatedly to impute to the defendant's father offenses unrelated to the offense charged after such imputation had been disproved by answers binding upon the prosecution.    (4) There is also grave doubt of the sufficiency of the indictment in failing to allege that the defendant was not a holder of a permit from the Federal authorities as provided by section 1212 of the Penal Law which defines the offense of which the defendant was convicted.    The question was raised on the trial but was not argued by either counsel upon the appeal.    We, therefore, do not decide the question.    The judgment of conviction should be reversed on the law and facts and a new trial granted.

All concur.

Judgment of conviction reversed upon the law and facts and new trial granted.

---

* Added by Laws.of 1921, chap. 155, known as State Prohibition Act.—
[REP.